**FILED**

**MARCH 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1286**

**JUDGE ZAGEL**
**MAGISTRATE JUDGE COLE**

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| CHRISTINE SOPHIE BRUMMITT, | ) |
| Individually and as Mother and Next | ) |
| Friend of DEAN MICHAEL BRUMMITT, | ) |
| A Minor, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    No. |
| | ) |
| OFFICER DAVID GREEN,  UNKNOWN | )    PLAINTIFF DEMANDS |
| OFFICERS, and CITY OF BERWYN, | )    TRIAL BY JURY |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTINE SOPHIE BRUMMITT, Individually and as

Mother and Next Friend of DEAN MICHAEL BRUMMITT, A Minor, by and through her

attorneys, Brandenburg-Rees and Rees, and complaining against the Defendants, OFFICER

DAVID GREEN, UNKNOWN OFFICERS, and CITY OF BERWYN, states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation

under color of law of DEAN MICHAEL BRUMMITT's, a minor, rights as secured by the

United States Constitution.

### Jurisdiction and Venue

2.    This court has Jurisdiction of the action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §

1343(a)(3), and under principals of Pendent Jurisdiction.

3.     Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the event giving rise to the claims asserted herein occurred within said district.

4.     On or about October 12, 2007, and at all relevant times, Plaintiff CHRISTINE SOPHIE BRUMMITT was a resident of the Village of Stickney, County of Cook and State of Illinois, and resided at 4114 Ridgeland in said Village.  CHRISTINE SOPHIE BRUMMITT is the mother of DEAN MICHAEL BRUMMITT ("BRUMMITT"), a minor.

5.     On or about October 12, 2007, the City of Berwyn was a municipal corporation organized under the laws of the State of Illinois.

6.     On or about October 12, 2007, and at all relevant times, Defendant officers were employed by the Berwyn Police Department.

**Background**

7.     On or about October 12, 2007, at approximately 3:00 p.m., BRUMITT was walking from school to a bus stop.  On said date, BRUMITT was a fifteen (15) year old minor child and slight of frame.

8.     At said time and date, while BRUMMITT was waiting for the bus, he was talking with some friends who were also waiting for the bus.

9.     At approximately 3:02 p.m. on said date, while BRUMMITT and his friends were talking, without provocation, need or explanation, two City of Berwyn police officers, one of whom was Officer David Green, pulled up beside BRUMMITT and his friends, jumped out of their police vehicle and said, "Put your fucking hands on the car."

10.     BRUMMITT asked why he was being instructed to do so and Officer Green told BRUMMITT to shut up or that he would break BRUMMITT'S arm.

2

11.    Officer Green then grabbed BRUMMITT's left arm and twisted it behind his back and pulled it upwards, causing BRUMMITT great pain.

12.    By this time, three other City of Berwyn police vehicles arrived at the scene.

13.    While still grasping BRUMMITT's arm, Officer Green slammed BRUMMITT into and against the car and then pulled him back up.

14.    Officer Green than grabbed BRUMMITT by the front of his throat, choking him and preventing him from breathing.

15.    Unable to breath, BRUMMITT tried to remove Office Green's hand from his throat so that he could again breathe.

16.    Officer Green then dragged BRUMMITT to the back of a police sports utility vehicle.

17.    At the back of the vehicle, Officer Green, now in the company of five (5) other officers, held BRUMMITT against the back of the police sports utility vehicle.

18.    At that point, Officer Green tased BRUMMITT.

19.    The officers then placed one handcuff on BRUMMITT and then BRUMMITT was tased again.

20.    At that point, BRUMMITT collapsed to the ground.

21.    Thereafter, one of the officers kicked BRUMMITT in the chin.

22.    Thereafter, and while BRUMMITT was still on the ground, an officer stomped on the side of BRUMMITT'S head and pinned him to the ground with his foot on BRUMMITT'S face and head.

23.    At that point, BRUMMITT was tased a third time.

### Count I – 42 U.S.C. § 1983 Violation under *Monell*

24.     Plaintiff re-alleges each of paragraphs 1-23 as if fully stated herein.

25.     At all relevant times, the Defendants were acting as the duly authorized agents of the City of Berwyn, and were then and there acting within the scope of their employment with said principal.

26.     The Defendants' actions, all taken under color of law, were undertaken intentionally with willful indifference to BRUMMITT'S constitutional rights.

27.     The misconduct described in this Count was undertaken pursuant to the custom and usage of the City of Berwyn and its Police Department in that:

       a.     As a matter of both policy and practice, the Berwyn Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

       b.     As a matter of both policy and practice, the Berwyn Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Berwyn Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting BRUMMITT;

       c.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Berwyn Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Berwyn Police Department makes findings of wrongdoing in a disproportionately small number of cases;

4

d.     As a matter of policy and practice, the Berwyn Police Department encourages its officers to file false criminal charges against victims of excessive force;

e.     Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Berwyn Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f.     The City of Berwyn has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

28.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29.     As described more fully above, the force used by one or more of the Defendant officers against BRUMMITT was unreasonable, unnecessary and unjustified.

30.     That as a direct and proximate cause of the arrest with excessive force by the Defendants, undertaken in accordance with official custom, pattern and/or practice, BRUMMITT sustained injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally.  BRUMMITT has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which injuries are permanent.  BRUMMITT has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity and other pecuniary gains, and BRUMMITT has become liable for and will in the future be liable for certain sums of money for medical care and attention.

31.    In addition, as a result of being arrested with excessive force in accordance with official custom, practice and pattern, BRUMMITT has suffered humiliation and emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants and that the following relief be awarded:

A.    That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

B.    That Plaintiff be awarded attorney's fees and costs;

C.    That Plaintiff be awarded costs and such other relief as this Honorable Court deems just.

### Count II – Assault and Battery (State Law Claim)

32.    Plaintiff re-alleges paragraphs 1-31 as if fully stated herein.

33.    Defendants intended to inflict bodily harm on BRUMMITT by said acts.

34.    That as a direct and proximate cause of the intentional acts by the Defendants, BRUMMITT suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally.  BRUMMITT has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which injuries are permanent.  BRUMMITT has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and has become liable for and will in the future be liable for certain sums of money for medical care and attention.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and that the following relief be awarded:

6

A.     That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

B.     That Plaintiff be awarded punitive damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

C.     That Plaintiff be awarded costs and such other relief as this Honorable Court deems just.

### Count III – Intentional Infliction of Emotional Distress (State Law Claim)

35.     Plaintiff re-alleges paragraphs 1-34 as if fully stated herein.

36.     That Defendants intended to cause BRUMMITT to suffer emotional distress by said acts.

37.     That Defendants action(s) constituted extreme and outrageous conduct.

38.     That as a direct and proximate cause of the intentional acts by the Defendants, BRUMMITT suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally.  BRUMMITT has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability, l of which injuries are permanent.  BRUMMITT has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and Plaintiff has become liable for and will in the future become liable for certain sums of money for medical care and attention.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and that the following relief be awarded:

A.     That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;