d.    As a matter of policy and practice, the Berwyn Police Department encourages its officers to file false criminal charges against victims of excessive force;

      e.    Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Berwyn Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f.    The City of Berwyn has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

28.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29.    As described more fully above, the force used by one or more of the Defendant officers against Brummitt was unreasonable, wholly unnecessary and absolutely unjustified.

30.    That as a direct and proximate cause of the arrest with excessive force by the Defendants, undertaken in accordance with official custom, pattern and/or practice, Plaintiff sustained injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Plaintiff has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Plaintiff has been and will be prevented from attending to his ordinary affairs and duties,

has suffered a permanently impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

31.   In addition, as a result of being arrested with excessive force in accordance with official custom, practice and pattern, Brummitt has suffered humiliation and emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants and that the following relief be awarded:

A.   That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

B.   That Plaintiff be awarded attorney's fees and costs;

C.   That Plaintiff be awarded costs and such other relief as this Honorable Court deems just.

### Count II – State Law Claim: Assault and Battery

32.   Plaintiff re-alleges paragraphs 1-22 as if fully stated herein.

33.   Defendants intended to inflict bodily harm on Brummitt by said acts.

34.   That as a direct and proximate cause of the intentional acts by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Brummitt has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Brummitt has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and that the following relief be awarded:

A. That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

B. That Plaintiff be awarded punitive damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

C. That Plaintiff be awarded costs and such other relief as this Honorable Court deems just.

### Count III – Intentional Infliction of Emotional Distress

35. Plaintiff re-alleges paragraphs 1-22 as if fully stated herein.

36. That Defendants intended to cause Brummitt to suffer emotional distress by said acts.

37. That as a direct and proximate cause of the intentional acts by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Brummitt has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Brummitt has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and that the following relief be awarded:

A.	That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

B.	That Plaintiff be awarded punitive damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

C.	That Plaintiff be awarded costs and such other relief as this Honorable Court deems just.

### Count IV - 42 U.S.C. § 1983 – Failure to Intervene

38.	Plaintiff re-alleges paragraphs 1-25 as if fully stated herein.

39.	As described more fully above, the force used by one or more of the Defendant officers against Brummitt was unreasonable, wholly unnecessary and absolutely unjustified.

40.	That Defendants failed to intervene to prevent the excessive force used against Brummitt despite their ability to do so.

41.	The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

42.	That as a direct and proximate cause of the intentional acts and/or omissions by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Brummitt has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Brummitt has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning

capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants and that the following relief be awarded:

A. That Plaintiff be awarded compensatory damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars;

B. That Plaintiff be awarded attorney's fees and costs;

C. That Plaintiff be awarded costs and such other relief as this Honorable Court deems just.

### Jury Demand

Plaintiff hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/Jacqueline Brandenburg-Rees
Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees
No. 6182350
BRANDENBURG-REES & REES
Attorneys for Plaintiff
70 West Madison Street, Suite 1400
Chicago, Illinois 60602
312-214-3291