IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE SOPHIE BRUMMITT, Individually and as Mother and Next Friend of DEAN MICHAEL BRUMMITT, a Minor, | ) | |
| Plaintiff, | ) | Case No. 08 C 1286 |
| v. | ) | Judge Zagel<br>Magistrate Judge Cole |
| OFFICER DAVID GREEN, UNKNOWN OFFICERS, and CITY OF BERWYN, | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER DAVID GREEN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Officer David Green ("Green"), through counsel, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, answer Plaintiff's Complaint as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**: Officer Green admits that Plaintiff has filed suit pursuant to 42 U.S.C. § 1983, but denies that Plaintiff has an actionable claim and specifically denies any and all liability to Plaintiff.

**Jurisdiction and Venue**

2. This court has Jurisdiction of the action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and under Principals of Pendent Jurisdiction.

**ANSWER**: Officer Green does not contest the Court's jurisdiction over the present litigation.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the event giving rise to the claims asserted herein occurred within said district.

**ANSWER**: Officer Green does not contest venue.

4. On or about October 12, 2007, and at all relevant times, Plaintiff Christine Sophie Brummitt was a resident of the Village of Stickney, County of Cook and State of Illinois and resided at 4114 Ridgeland in said Village. Christine Sophie Brummitt is the mother of Dean Michael Brummitt ("Brummitt"), a minor.

**ANSWER**: Officer Green is without knowledge as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5. On or about October 12, 2007, the City of Berwyn was a municipal corporation organized under the laws of the State of Illinois.

**ANSWER**: Upon information and belief, Officer Green admits the allegations contained in paragraph 5 of the Complaint.

6. On or about October 12, 2007, and at all relevant times, Defendant officers were employed by the Berwyn Police Department.

**ANSWER**: Officer Green admits that he was employed the Berwyn Police Department on October, 12, 2007, but is without sufficient knowledge to form a belief as to the remaining allegations contained in this paragraph.

**Background**

7. On or about October 12, 2007, at approximately 3:00 p.m., Brummitt was walking from school to a bus stop. On said date, Brummitt was a fifteen (15) year old minor child and slight of frame.

**ANSWER**: Officer Green is without knowledge as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. At said time and date, while Brummitt was waiting for the bus, he was talking with some friends who were also waiting for the bus.

**ANSWER**: Officer Green is without knowledge as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. At approximately 3:02 p.m. on said date, while Brummitt and the other boys were talking, two police officers without provocation, need, or explanation pulled up beside the boys, jumped out of their vehicle and said, "Put your fucking hands on the car."

**ANSWER**: Officer Green denies the allegations contained in paragraph 9 of the Complaint.

10. Brummitt asked why he was being instructed to do so and one of the officers told Brummitt to shut up or the officer would break Brummitt's arm.

**ANSWER**: Officer Green denies the allegations contained in paragraph 10 of the Complaint.

11. The officer then grabbed Brummitt's left arm and twisted it behind his back and pulled it upwards, causing Brummitt great pain.

**ANSWER**: Officer Green denies the allegations contained in paragraph 11 of the Complaint.

12. By this time, three other police vehicles arrived at the scene.

**ANSWER**: Officer Green admits that multiple police officers were present at the scene of Plaintiff's arrest, but denies the allegations contained in this paragraph to the extent its suggests any wrongdoing on the part of Officer Green and further denies any and all liability to Plaintiff.

13. While still grasping Brummitt's arm, the officer slammed Brummitt against the car and then pulled him back up.

**ANSWER**: Officer Green denies the allegations contained in paragraph 13 of the Complaint.

14. The officer then grabbed Brummitt by his throat and started choking him preventing him from breathing.

**ANSWER**: Officer Green denies the allegations contained in paragraph 14 of the Complaint.

15. Brummitt attempted to remove the officer's hand from his throat so that he could breathe.

**ANSWER**: Officer Green denies the allegations contained in paragraph 15 of the Complaint.

16. The officer then dragged Brummitt to the back of a police sports utility vehicle.

**ANSWER**: Officer Green denies the allegations contained in paragraph 16 of the Complaint.

17. At the back of the vehicle, the officer, now in the company of five (5) other officers, held Brummitt against the back of the police sports utility vehicle.

**ANSWER**: Officer Green denies the allegations contained in paragraph 17 of the Complaint.

18. At that point, Officer Green tased Brummitt.

**ANSWER**: Officer Green admits that he tased Brummitt after Brummitt forcefully and violently resisted arrest and threatened the safety of Officer Green and the other police officer that was assisting to restrain Brummitt. Officer Green denies that he engaged in any wrongful conduct and further denies any and all liability to Plaintiff.

19. The officers then placed one handcuff on Brummitt and tased him again.

**ANSWER**: Officer Green denies the allegations contained in paragraph 19 of the Complaint.

20. At that point, Brummitt collapsed to the ground.

**ANSWER**: Officer Green denies the allegations contained in paragraph 20 of the Complaint.

21. At that point, one of the officers kicked Brummitt in the chin.

**ANSWER**: Officer Green denies the allegations contained in paragraph 21 of the Complaint.

22. At that point, and while Brummitt was still on the ground, an officer stomped on the side of Brummitt's head and kept him pinned to the ground with his food on Brummitt's face and head.

**ANSWER**: Officer Green denies the allegations contained in paragraph 22 of the Complaint.

23. At that point, Brummitt was tased a third time.

**ANSWER**: Officer Green denies the allegations contained in paragraph 23 of the Complaint.

**Count I – 42 U.S.C. § 1983 Violation under *Monell*:
Widespread Practice, Custom, and Failure to Adequately Train Officers,
so Prevalent as to Comprise Municipal Policy**

24. Plaintiff re-alleges each of paragraphs 1-23 as if fully stated herein.

**ANSWER**: Officer Green incorporates by reference his responses to paragraphs 1-23, above, as if fully restated here.

25. At all relevant times, the Defendants were acting as the duly authorized agents of the City of Berwyn, and were then and there acting within the scope of their employment with said principal.

**ANSWER**: Officer Green admits that he was on duty as a police officer for the Berwyn Police Department at the time of the alleged incident, but is without knowledge as to the truth of the remaining allegations contained in this paragraph.

26. The Defendants' actions, all taken under color of law, were undertaken intentionally with willful indifference to Brummitt's constitutional rights.

**ANSWER**: Officer Green admits that he was on duty as a police officer with the Berwyn Police Department, but denies the remaining allegations contained in this paragraph and further denies any and all liability to Plaintiff.

27. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Berwyn and its Police Department in that:

a. As a matter of both policy and practice, the Berwyn Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Berwyn Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Berwyn Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Brummitt;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Berwyn Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Berwyn Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. As a matter of policy and practice, the Berwyn Police Department encourages its officers to file false criminal charges against victims of excessive force;

e. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Berwyn Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f. The City of Berwyn has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER**: Officer Green denies each and every allegation contained in paragraph 27, including all sub-paragraphs.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Officer Green denies the allegations contained in paragraph 28 of the Complaint.

29. As described more fully above, the force used by one or more of the Defendant officers against Brummitt was unreasonable, wholly unnecessary and absolutely unjustified.

**ANSWER**: Officer Green denies the allegations contained in paragraph 29 of the Complaint.

30. That as a direct and proximate cause of the arrest with excessive force by the Defendants, undertaken in accordance with official custom, pattern and/or practice, Plaintiff sustained injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Plaintiff has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Plaintiff has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

**ANSWER**: Officer Green denies the allegations contained in paragraph 30 of the Complaint.

31. In addition, as a result of being arrested with excessive force in accordance with official custom, practice and pattern, Brummitt has suffered humiliation and emotional distress.

**ANSWER**: Officer Green denies the allegations contained in paragraph 31 of the Complaint.

**Count II – State Law Claim: Assault and Battery**

32. Plaintiff re-alleges paragraphs 1-22 as if fully stated herein.

**ANSWER**: Officer Green incorporates by reference his responses to paragraphs 1-22, above, as if fully restated here.

33. Defendants intended to inflict bodily harm on Brummitt by said acts.

**ANSWER**: Officer Green denies the allegations contained in paragraph 33 of the Complaint and further denies any and all liability to Plaintiff.

34. That as a direct and proximate cause of the intentional acts by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Brummitt has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Brummitt has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

**ANSWER**: Officer Green denies the allegations contained in paragraph 34 of the Complaint.

**Count III – Intentional Infliction of Emotional Distress**

35. Plaintiff re-alleges paragraphs 1-22 as if fully sated herein.

**ANSWER**: Officer Green incorporates by reference his response to paragraphs 1-22, above, as if fully restated here.

36. That Defendants intended to cause Brummitt to suffer emotional distress by said acts.

**ANSWER**: Officer Green denies the allegations contained in paragraph 36 of the Complaint.

37. That as a direct and proximate cause of the intentional acts by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Brummitt has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Brummitt has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

**ANSWER**: Officer Green denies the allegations contained in paragraph 37 of the Complaint.

**Count IV – 42 U.S.C. § 1983 – Failure to Intervene**

38. Plaintiff re-alleges paragraphs 1-25 as if fully stated herein.

**ANSWER**: Officer Green incorporates by reference his responses to paragraphs 1-25, above, as if fully restated here.

39. As described more fully above, the force used by one or more of the Defendant officers against Brummitt was unreasonable, wholly unnecessary and absolutely unjustified.

**ANSWER**: Officer Green denies the allegations contained in paragraph 39 of the Complaint and further denies any and all liability to Plaintiff.

40. That Defendants failed to intervene to prevent the excessive force used against Brummitt despite their ability to do so.

**ANSWER**: Officer Green denies the allegations contained in paragraph 40 of the Complaint.

41. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: Officer Green denies the allegations contained in paragraph 41 of the Complaint.

42. That as a direct and proximate cause of the intentional acts and/or omissions by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. Brummitt has suffered and in the future will suffer great physical and emotion pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Brummitt has been has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanent impaired earning capacity and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

**ANSWER**: Officer Green denies the allegations contained in paragraph 42 of the Complaint.

## GENERAL DENIAL

Officer Green specifically denies any and all allegations contained in the Complaint that were not specifically answered above**.**

## Affirmative Defenses

Officer Green asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted against Officer Green.

### Second Affirmative Defense

Plaintiff's claims are barred against Officer Green under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

**Third Affirmative Defense**

Plaintiff's claims are barred against Officer Green by the doctrine of qualified immunity.

**Fourth Affirmative Defense**

Officer Green exercised reasonable and appropriate force to restrain Plaintiff.

**Fifth Affirmative Defense**

Officer Green and the other police officers who were present at the scene of the alleged incident had probable cause to arrest and detain Brummitt.

WHEREFORE, Defendant Officer Green respectfully requests that the Court enter judgment in his favor and against Plaintiff, that it award him all litigation expenses incurred in defending against this matter, and any other relief this Court deems appropriate.

OFFICER DAVID GREEN

By: /s/ S. Jarret Raab
One of His Attorneys

David B. Goodman (#6201242)
S. Jarret Raab (#6294632)
SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN, LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151