UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF )<br>)<br>CHRISTINE SOPHIE BRUMMITT, )<br>Individually and as Mother and Next )<br>Friend of DEAN MICHAEL BRUMMITT, )<br>A Minor, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICER DAVID GREEN, UNKNOWN )<br>OFFICERS, BERWYN POLICE )<br>DEPARTMENT, and CITY OF BERWYN, )<br>)<br>    Defendants. ) | No.<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTINE SOPHIE BRUMMITT, Individually and as Mother and Next Friend of DEAN MICHAEL BRUMMITT, A Minor, by and through her attorneys, Brandenburg-Rees and Rees, and complaining against the Defendants, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This court has Jurisdiction of the action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and under Principals of Pendant Jurisdiction.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the event giving rise to the claims asserted herein occurred within said district.

4. On or about October 12, 2007, and at all relevant times, Plaintiff Christine Sophie Brummitt was a resident of the Village of Stickney, County of Cook and State of Illinois and resided at 4114 Ridgeland in said Village. Christine Sophie Brummitt is the mother of Dean Michael Brummitt ("Brummitt"), a minor.

5. On or about October 12, 2007, the City of Berwyn was a municipal corporation organized under the laws of the State of Illinois.

6. On or about October 12, 2007, and at all relevant times, Defendant officers were employed by the Berwyn Police Department.

**Background**

7. On or about October 12, 2007, at approximately 3:00 p.m., Brummitt was walking from school to a bus stop. On said date, Brummitt was a fifteen (15) year old minor child and slight of frame.

8. At said time and date, while Brummitt was waiting for the bus, he was talking with some friends who were also waiting for the bus.

9. At approximately 3:02 p.m. on said date, while Brummitt and the other boys were talking, two police officers without provocation, need, or explanation pulled up beside the boys, jumped out of their vehicle and said, "Put your fucking hands on the car."

10. Brummitt asked why he was being instructed to do so and one of the officers told Brummitt to shut up or the officer would break Brummitt's arm.

11. The officer then grabbed Brummitt's left arm and twisted it behind his back and pulled it upwards, causing Brummitt great pain.

12. By this time, three other police vehicles had arrived at the scene.

13. While still grasping Brummitt's arm, the officer slammed Brummitt against the car and then pulled him back up.

14. The officer than grabbed Brummitt by his throat and started choking him preventing him from breathing.

15. Brummitt attempted to remove the officer's hand from his throat so that he could breathe.

16. The officer then dragged Brummitt to the back of a police sports utility vehicle.

17. At the back of the vehicle, the officer, now in the company of five (5) other officers, held Brummitt against the back of the police sports utility vehicle.

18. At that point, Officer Green tased Brummitt.

19. The officers then placed one handcuff on Brummitt and tased him again.

20. At that point, Brummitt collapsed to the ground.

21. At that point, one of the officers kicked Brummitt in the chin.

22. At that point, and while Brummitt was still on the ground, an officer stomped on the side of Brummitt's head and kept him pinned to the ground with his food on Brummitt's face and head.

23. At that point, Brummitt was tased a third time.

**Count I – 42 U.S.C. § 1983 Violation under *Monell*: Widespread Practice, Custom, and Failure to Adequately Train Officers, so Prevalent as to Comprise Municipal Policy**

24. Plaintiff re-alleges each of paragraphs 1-23 as if fully stated herein.

25. At all relevant times, the Defendants were acting as the duly authorized agents of the City of Berwyn, and were then and there acting within the scope of their employment with said principal.

26. The Defendants' actions, all taken under color of law, were undertaken intentionally with willful indifference to Brummitt's constitutional rights.

27. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Berwyn and its Police Department in that:

   a. As a matter of both policy and practice, the Berwyn Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of both policy and practice, the Berwyn Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Berwyn Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Brummitt;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Berwyn Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Berwyn Police Department makes findings of wrongdoing in a disproportionately small number of cases;