UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| CHRISTINE SOPHIE BRUMMITT, ) | |
| Individually and as Mother and Next ) | |
| Friend of DEAN MICHAEL BRUMMITT, ) | |
| A Minor, ) | |
| ) | |
|            Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 C 1286 |
| ) | |
| OFFICER DAVID GREEN, UNKNOWN ) | |
| OFFICERS, AND CITY OF BERWYN, ) | |
| ) | |
|            Defendants. ) | |

**DEFENDANT CITY OF BERWYN'S**
**AMENDED ANSWER TO COMPLAINT**

NOW COMES Defendant CITY OF BERWYN, by and through its attorneys, Odelson & Sterk, Ltd., and for its answer to the Complaint of Plaintiff CHRISTINE SOPHIE BRUMMITT, Individually and as Mother and Next Friend of DEAN MICHAEL BRUMMITT, states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C. Sec. 1983 to redress the deprivation under color of law of DEAN MICHAEL BRUMMITT', a minor, rights as secured by the United States Constitution.

**ANSWER:**    Defendant denies that the Plaintiff has any meritorious claims against them pursuant 42 U.S.C. § 1983, the Fourth Amendment and the Fourteenth Amendment. Defendant further denies that the Plaintiff suffered any depravation of his Civil Rights as a result of the Defendant's conduct.

**Jurisdiction and Venue**

2. This court has Jurisdiction of the action pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. 1343(a)(3), and under the principals of Pendent Jurisdiction.

**ANSWER:** Defendant does not contest this Court's jurisdiction.

3. Venue is proper under 28 U.S.C. Sec. 1391(b). All parties reside in this judicial district and the event giving rise to the claims asserted herein occurred within said district.

**ANSWER:** Defendant does not contest venue in this matter.

4. On or about October 12, 2007, and at all relevant times, Plaintiff CHRISTINE SOPHIE BRUMMITT was a resident of the Village of Stickney, County of Cook and State of Illinois, and resided at 4114 Ridgeland in said Village. CHRISTINE SOPHIE BRUMMITT is the mother of DEAL MICHAEL BRUMMITT ("BRUMMITT"), a minor.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in this Paragraph.

5. On or about October 12, 2007, the City of Berwyn was a municipal corporation organized under the laws of the State of Illinois.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

6. On or about October 12, 2007, and at all relevant times, Defendant officers were employed by the Berwyn Police Department.

**ANSWER:** Defendant admits only that on this date, Defendant Officer David Green was employed by the Berwyn Police Department. Defendant denies the remaining allegations contained in this Paragraph.

**Background**

7. On or about October 12, 2007, at approximately 3:00 p.m., BRUMMITT was walking from school to a bus stop. On said date, BRUMMITT was a fifteen (15) year old minor child and slight of frame.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations contained in this Paragraph, and on that basis denies same.

8. At said time and date, while BRUMMITT was waiting for the bus, he was talking with some friends who were also waiting for the bus.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations contained in this Paragraph, and on that basis denies same.

9. At approximately 3:02 p.m. on said date, while BRUMMITT and his friends were talking, without provocation, need or explanation, two City of Berwyn police officers, one of whom was Officer David Green, pulled up beside BRUMMITT and his friends, jumped out of their police vehicle, and said, "Put your fucking hands on the car."

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

10. BRUMMITT asked why he was being instructed to do so and Officer Green told BRUMMITT to shut up or that he would break BRUMMITT'S arm.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

11. Officer Green then grabbed BRUMMITT's left arm and twisted it behind his back and pulled it upwards, causing BRUMMIT great pain.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

12. By this time, three other City of Berwyn police vehicles arrived at the scene.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

13. While still grasping BRUMMITT's arm, Officer Green slammed BRUMMITT into and against the car and then pulled him back up.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

14. Officer Green then grabbed BRUMMITT by the front of his throat, choking him and preventing him from breathing.

3

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

15.   Unable to breath, BRUMMITT tried to remove Officer Green's hand from his throat so he could again breathe.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

16.   Officer Green then dragged BRUMMITT to the back of a police sports utility vehicle.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

17.   At the back of the vehicle, Officer Green, now in the company of five (5) other officers, held BRUMMITT against the back of the police sports utility vehicle.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

18.   At that point, Officer Green tased BRUMMITT.

**ANSWER:**   Defendant admits that Officer Green tased BRUMMITT because he was resisting arrest and threatening the safety of Officer Green and another officer who was assisting him on October 12, 2007.  Defendant denies the remaining allegations contained in this Paragraph.

19.   The officers then placed one handcuff on BRUMMITT and then BRUMMITT was tased again.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

20.   At that point, BRUMMITT collapsed to the ground.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

21.   Thereafter, on of the officers kicked BRUMMITT in the chin.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

22.   Thereafter, and while BRUMMITT was still on the ground, an officer stomped on the side of BRUMMITT's head and pinned him to the ground with his foot on BRUMMITT's face and head.

4

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

23. At that point, BRUMMITT was tased a third time.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### Count I – 42 U.S.C. Sec. 1983 Violation under *Monell*

24. Plaintiff re-alleges each of paragraphs 1-23 as if fully stated herein.

**ANSWER:** Defendant re-states each of its answers to paragraphs 1-23 as if fully stated herein.

25. At all relevant times, the Defendants were acting as the duly authorized agents of the City of Berwyn, and were then and there acting within the scope of their employment with said principal.

**ANSWER:** Defendant admits that Officer Green was on duty as a police officer of the City of Berwyn at the time of the alleged incident. Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in this Paragraph and on that basis denies same.

26. The Defendants' actions, all taken under the color of law, were undertaken intentionally with willful indifference to BRUMMITT's constitutional rights.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

27. The misconduct described in this Count was undertaken pursuant to the custom and usage of the City of Berwyn and its Police Department in that:

a. As a matter of both policy and practice, the Berwyn Police Department directly encourages, and is thereby the moving force, behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Berwyn Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior

instances of similar misconduct, thereby leading Berwyn Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting BRUMMITT;

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Berwyn Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Berwyn Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d. As a matter of policy and practice, the Berwyn Police Department encourages its officers to file false criminal charges against victims of excessive force;

  e. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence in the Berwyn Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;  and

  f. The City of Berwyn has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:** Defendant denies each and every allegation contained in this Paragraph and its subparagraphs.

  28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

  29. As described more fully above, the force used by one or more of the Defendant officers against BRUMMITT was unreasonable, unnecessary and unjustified.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

30. That as a direct and proximate cause of the arrest with excessive force by the Defendants, undertaken in accordance with official custom, pattern and/or practice, BRUMMITT sustained injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally. BRUMMITT has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which injuries are permanent. BRUMMITT has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity and other pecuniary gains, and BRUMMITT has become liable for and will in the future be liable for certain sums of money for medical care and attention.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

31. In addition, as a result of being arrested with excessive force in accordance with official custom, practice and pattern, BRUMMITT has suffered humiliation and emotional distress.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

WHEREFORE, Defendant CITY OF BERWYN denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered against the Plaintiff and in favor of Defendant and that the Defendant be awarded its costs and fees and any such other relief as may be appropriate.

**Count II – Assault and Battery (State Law Claim)**

32. Plaintiff re-alleges paragraphs 1-31 as if fully stated herein.

**ANSWER:** Defendant re-states each of its answers to paragraphs 1-31 as if fully stated herein.

33. Defendants intended to inflict bodily harm on BRUMMITT by said acts.

**ANSWER:**  Defendant denies the allegations contained in this Paragraph.

34. That as a direct and proximate cause of the intentional acts by the Defendants, BRUMMITT suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally.  BRUMMITT has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which injuries are permanent.  BRUMMITT has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity and other pecuniary gains, and BRUMMITT has become liable for and will in the future be liable for certain sums of money for medical care and attention.

**ANSWER:**  Defendant denies the allegations contained in this Paragraph.

WHEREFORE, Defendant CITY OF BERWYN denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered against the Plaintiff and in favor of Defendant and that the Defendant be awarded its costs and fees and any such other relief as may be appropriate.

**Count III – Intentional Infliction of Emotional Distress (State Law Claim)**

35. Plaintiff re-alleges paragraphs 1-34 as if fully stated herein.

**ANSWER:**  Defendant re-states each of its answers to paragraphs 1-34 as if fully stated herein.

36. That Defendants intended to cause BRUMMITT to suffer emotional distress by said acts.

**ANSWER:**  Defendant denies the allegations contained in this Paragraph.

37. That as a direct and proximate cause of the intentional acts by the Defendants, BRUMMITT suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally.  BRUMMITT has suffered and in the future will suffer great

physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which injuries are permanent.  BRUMMITT has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity and other pecuniary gains, and BRUMMITT has become liable for and will in the future be liable for certain sums of money for medical care and attention.

**ANSWER:**    Defendant denies the allegations contained in this Paragraph.

WHEREFORE, Defendant CITY OF BERWYN denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered against the Plaintiff and in favor of Defendant and that the Defendant be awarded its costs and fees and any such other relief as may be appropriate.

### Count IV – 42 U.S.C. Sec. 1983 – Failure to Intervene

38.    Plaintiff re-alleges paragraphs 1-25 as if fully stated herein.

**ANSWER:**    Defendant re-states each of its answers to paragraphs 1-25 as if fully stated herein.

39.    As described more fully above, the force used by one or more of the Defendant officers against Brummitt was unreasonable, wholly unnecessary and absolutely unjustified.

**ANSWER:**    Defendant denies the allegations contained in this Paragraph.

40.    That Defendants failed to intervene to prevent the excessive force used against Brummitt despite their ability to do so.

**ANSWER:**    Defendant denies the allegations contained in this Paragraph.

41.    The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:**    Defendant denies the allegations contained in this Paragraph.

42.     That as a direct and proximate cause of the intentional acts and/or omissions by the Defendants, Brummitt suffered injuries of a personal, pecuniary, and permanent nature, and was injured, both physically and mentally.  Brummitt has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent.  Brummitt has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity and other pecuniary gains, and has become liable for and will in the future be liable for certain sums of money for medical care and attention.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

WHEREFORE, Defendant CITY OF BERWYN denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered against the Plaintiff and in favor of Defendant and that the Defendant be awarded its costs and fees and any such other relief as may be appropriate.

### AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's complaint, Defendant CITY OF BERWYN states as follows:

### First Affirmative Defense

Pursuant to Section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendants are not liable for any actions relating to the execution or enforcement of any law.

### Second Affirmative Defense

Pursuant to Section 2-204 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendants are not liable and are further immunized for acting within the scope of their employment and Defendants are not liable and are immunized from the acts and omissions of others.

### **Third Affirmative Defense**

The conduct of Defendants did not violate clearly established law.  Defendants, accordingly, are entitled to qualified immunity from liability.

WHEREFORE, Defendant CITY OF BERWYN denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered against the Plaintiff and in favor of Defendant and that the Defendant be awarded its costs and fees and any such other relief as may be appropriate.

Respectfully submitted,

**CITY OF BERWYN, Defendant**

By:   s:/ Richard F. Bruen, Jr.

Mark H. Sterk
Richard F. Bruen, Jr.
Robert Wilder
ODELSON & STERK, LTD.
3318 W. 95th Street
Evergreen Park, IL 60805
708-424-5678