IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE SOPHIE BRUMMITT, )
Individually and as Mother and Next Friend )
Of DEAN MICHAEL BRUMMITT, a )
Minor, )
                                             )    No. 08 C 1286
            Plaintiff, )
                                             )    Judge Zagel
v.                                        )    Magistrate Judge Cole
                                             )
OFFICER DAVID GREEN, UNKNOWN )
OFFICERS, and CITY OF BERWYN, )
                                             )
           Defendants. )

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER GREEN'S
FIRST, FOURTH AND FIFTH AFFIRMATIVE DEFENSES**

NOW COMES Plaintiff CHRISTINE SOPHIE BRUMMIT, Individually and as Next Friend of DEAN MICHAEL BRUMMITT, and for PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER GREEN'S FIRST FOURTH AND FIFTH AFFIRMATIVE DEFENSES, states as follows:

     1.      "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

           a.      The proper procedure for a plaintiff to challenge an affirmative defense is through a Motion to Strike. *In re Midway Airlines, Inc.*, 175 B.R. 239 (Bkrtcy, N.D. Ill. 1994).

           b.      An "affirmative defense" is a defendant's assertion raising new facts and

arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true. *Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003).

      c.      Courts should strike affirmative defenses that are clearly mistitled or redundant, for example, if they raise matters already raised in defendant's denial. *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800 (N.D. Ill. 2000).

    2.      Defendant Officer Green's First Affirmative Defense should be stricken.

      a.      Defendant Officer Green's First Affirmative Defense alleges, "Plaintiff has failed to state a claim upon which relief can be granted against Officer Green."

      b.      This is not an affirmative defense because it does not admit the allegations in Plaintiff's complaint and then assert some additional fact(s) and/or argument(s) that defeat Plaintiff's claim.

      c.      This defense is more properly argued according to Federal Rule of Civil Procedure 12(b)(6) and should be stricken as pled as an affirmative defense.

    3.      Defendant Officer Green's Fourth Affirmative Defense should be stricken.

      a.      Defendant Officer Green's Fourth Affirmative Defense alleges, "Officer Green exercised reasonable and appropriate force to restrain Plaintiff."

      b.      This is not an affirmative defense because it does not admit the allegations in Plaintiff's complaint and then assert some additional fact(s) and/or argument(s) that defeat Plaintiff's claim.

      c.      This defense is more properly considered a denial of one or more Count in Plaintiff's Complaint and should be stricken as pled as an affirmative defense.

    4.      Defendant Officer Green's Fifth Affirmative Defense should be stricken.

  a. Defendant Officer Green's Fifth Affirmative Defense alleges, "Officer Green and the other police officers who were present at the scene of the alleged incident had probable cause to arrest and detain Brummitt."

  b. This is not an affirmative defense because it does not admit the allegations in Plaintiff's complaint and then assert some additional fact(s) and/or argument(s) that defeat Plaintiff's claim.

  c. This defense is more properly considered a denial of one or more Count in Plaintiff's Complaint and should be stricken as pled as an affirmative defense.

WHEREFORE, Plaintiff CHRISTINE SOPHIE BRUMMIT, Individually and as Next Friend of DEAN MICHAEL BRUMMITT, requests this Court Strike Defendant Officer Green's First, Fourth and Fifth Affirmative Defenses.

         Respectfully Submitted,

         By: /s/ Phillip J. Block
           Phillip J. Block

Phillip J. Block
No. 6292407
BRANDENBURG-REES & REES
Attorneys for Plaintiff
Three First National Plaza
70 West Madison St., Ste 1400
Chicago, IL 60602
(312) 214-3291

## PROOF OF ELECTRONIC SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on this 23rd day of April, 2008, upon the following: David Benjamin Goodman, Shaw, Gussis, Fishman, Glantz, Wolfson & Towbin LLC, 321 N. Clark Street, Ste. 800, Chicago, IL 60610, dgoodman@shawgussis.com; Stephen J. Raab, Shaw, Gussis, Fishman, Glantz, Wolfson & Towbin LLC, 321 N. Clark Street, Ste. 800, Chicago, IL 60610, jraab@shawgussis.com; Richard F. Bruen, Jr., Odelson & Sterk, Ltd., 3318 West 95th St., Evergreen Park, IL 60805, rbruen@odelsonsterk.com; Mark H. Sterk, Oldelson & Sterk, Ltd., 3318 West 95th St., Evergreen Park, IL 60805, msterk@odelsonsterk.com; Robert R. Wilder, Odelson & Sterk, 3318 W. 95th Street, Evergreen Park, IL 60805, rwilder@odelsonsterk.com.

                                                      s/Phillip J. Block
                                                      Phillip J. Block