IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE SOPHIE BRUMMITT, individually and as Mother and Next Friend of DEAN MICHAEL BRUMMITT, a Minor,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER DAVID GREEN, UNKNOWN OFFICERS, and CITY OF BERWYN,<br><br>Defendants. | Case No. 08 C 1286<br><br>Judge James B. Zagel<br>Magistrate Judge Jeffrey Cole |

Report of Rule 26(f) Conference of Parties

1. The Nature of the Case

    A. Attorneys of record

        i. Phillip J. Block, Attorney for Plaintiff, Lead Attorney

        ii. Richard F. Bruen, Attorney for City of Berwyn, Lead Attorney

        iii. Mark H. Sterk, Attorney for City of Berwyn

        iv. Robert R. Wilder, Attorney for City of Berwyn

        v. David B. Goodman, Attorney for Officer David Green, Lead Attorney

        vi. S. Jarret Raab, Attorney for Officer David Green

    B. Basis for Federal Jurisdiction

        i. This action arises under the United States Constitution and 42 U.S.C. § 1983. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

    C. Nature of Claims

        i. Plaintiff's complaint includes a civil rights Monell claim against the City, a civil rights claim of failure to intervene against unknown police officers, and state tort claims of assault and battery and intentional infliction of emotional distress.

        ii.      The Defendants deny that they are liable to Plaintiff and further contend that the City has no widespread policy or custom as alleged in the complaint; that Officer David Green did not violate the Plaintiff's constitutional rights; that to the extent that force was used to effectuate Plaintiff's arrest it was justified; that Plaintiff did not suffer compensable injuries; that the Defendants are entitled to qualified immunity; that the Defendants are immune from liability pursuant to the Illinois Local Governmental Tort Immunity Act.

    D.    Major Legal and Factual Issues

        i.      Legal and factual issues are whether excessive force was used to effectuate the Plaintiff' arrest; whether Officer David Green enjoyed qualified immunity in connection with the conduct at issue; whether Officer David's Green conduct was extreme and outrageous and with the intent to cause the plaintiff emotional distress; whether the City of Berwyn had a widespread custom and practice of encouraging police misconduct and constitutional violations; whether Plaintiff was injured by any actions of Defendants; and any additional factual and/or legal issues which may be raised as discovery proceeds.

    E.    Relief

        i.      Plaintiff seeks general damages, including emotional distress and special damages.

        ii.      Defendants deny that they are liable to Plaintiff for any damages.

2.    Pending Motions and Case Plan

    A.    There are no pending motions.

    B.    Discovery Plan

        i.      The parties plan to engage in written and oral discovery.

        ii.      The parties shall exchange information as required by Fed. R. Civ. P. 26(a)(1) by June 30, 2008.

        iii.      The parties propose that all fact discovery should be commenced in time to be completed by December 30, 2008.

        iv.      The parties propose that expert discovery commence on January 2, 2009; that Plaintiffs expert designation and Rule 26 expert disclosures be completed by February 2, 2009; and that Defendants' expert designation and Rule 26 disclosures be

    completed by February 28, 2009. Expert depositions to be completed on or before March 16, 2009.

  v. All potential dispositive motions should be filed within 30 days after the close of all discovery.

  vi. The parties propose that the final pretrial order be filed 30 days prior to trial.

 C. Trial

  i. The plaintiff's complaint contains a jury demand.

  ii. The trial is expected to last 3-4 days.

  iii. The parties expect to be ready for trial by May 2009.

3. Consent to Proceed Before a Magistrate Judge

 A. The parties unanimously consent to proceed before the magistrate judge at this time.

4. Status of Settlement Discussions

 A. No settlement discussions have been held. The parties do not request a settlement conference at this time.

Date: June 9, 2008

By:

s/Phillip J. Block
Phillip J. Block
Brandenburg-Rees & Rees
70 West Madison Street, Suite 1400
Chicago, Illinois 60602

s/Richard F. Bruen, Jr.
Richard F. Bruen, Jr.
Attorney for Defendant City of Berwyn
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805

s/David B. Goodman
David B. Goodman
Shaw, Gussis, Fishman, Glatz
 Wolfson & Towbin, LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610

s/S. Jarret Raab
S. Jarret Raab
Shaw, Gussis, Fishman, Glatz,
 Wolfson & Towbin, LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610